IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>  Plaintiff/Respondent,<br><br>vs.<br><br>Timothy K. Isaac,<br><br>  Defendant/Movant. | CV 11-0827-PHX-PGR (ECV)<br>CR 08-0036-PHX-PGR<br><br>**REPORT AND RECOMMENDATION** |

TO THE HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT JUDGE:

Movant has filed a *pro se* Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CV Doc. 1).[1] Respondent has filed a Response (CV Doc. 5) and Movant has filed a Reply (CV Doc. 6 & 8).

**BACKGROUND**

On January 15, 2008, Movant and others were charged in a 31-count indictment with conspiracy to violate federal laws, conspiracy to commit money laundering and substantive offenses involving distribution of misbranded drugs, mail fraud, wire fraud, and promotional and transactional money laundering (CR Doc. 1). On June 23, 2009, Movant was charged in an information with three counts of making and subscribing to a materially false tax return,

---

[1] Documents and entries from case No. CV 11-0827-PHX-PGR (ECV) are cited as "CV Doc." followed by the docket number. Documents and entries from case No. CR 08-0036-PHX-PGR are cited as "CR Doc." followed by the docket number.

1  in violation of 26 U.S.C. § 7206(1), two counts of making a false declaration in bankruptcy
2  proceedings, in violation of 18 U.S.C. § 152(3), and one count of theft of government funds
3  in violation of 18 U.S.C. § 641 (CR Doc. 73).  Throughout the criminal proceedings Movant
4  was represented by retained counsel (CR Doc. 136 at 38).

5        On June 23, 2009, Movant pleaded guilty pursuant to a consolidated plea agreement
6  to crimes charged in the indictment and information (CR Doc. 74-75). Movant pleaded guilty
7  to conspiracy (Count 1), in violation of 18 U.S.C. § 371, and introduction of misbranded
8  drugs into interstate commerce (Counts 2 and 6), in violation of 21 U.S.C. §§ 331(a) and
9  333(a)(2) as charged in the indictment. After executing a waiver of indictment (CR Doc. 72
10 & 135 at 6-9), Movant pleaded guilty to the six counts charged in the information. Movant's
11 plea agreement included terms whereby Movant waived his right to appeal and collaterally
12 attack his conviction and sentence (CR Doc. 75 ¶ 9).

13       On April 26, 2010, Movant was sentenced to concurrent terms totaling 60 months
14 imprisonment, 36 months of supervised release, and ordered to pay $1,685,107.72 in
15 restitution (CR Doc. 119).  All remaining counts were ordered dismissed (*Id.*).  Judgment
16 was entered on April 27, 2010 (CR Doc. 119). Movant did not appeal his conviction and
17 sentence.

18       Movant filed his § 2255 Motion on April 22, 2011 (CV Doc. 1).  In Ground One,
19 Movant alleges that defense counsel provided ineffective assistance because counsel knew
20 Movant was mentally and physically disabled due to a stroke; counsel knew a conflict of
21 interest existed between counsel's brother and Movant and counsel attempted to have his
22 brother dropped from the investigation; counsel had no criminal experience; and counsel
23 misrepresented that Movant would be sentenced to probation to persuade Movant to plead
24 guilty (*Id.* at 5). In Ground Two, Movant alleges his guilty plea was not knowingly, willfully
25 and intelligently made because of Movant's mental and physical disability (*Id.* at 6).

26       Respondent contends that Movant's Grounds One and Two lack merit. Respondent
27 argues that Movant has no support for his claims of cognitive impairment, Movant after his
28 stroke had the business acumen to form and manage successful businesses, some of which

- 2 -

were illegal, and Movant's answers and statements at his change of plea and sentencing hearings show he understood the nature of the proceedings and that he knowingly and intelligently was pleading guilty (CV Doc. 5 at 1-2).

**DISCUSSION**

**I.     Movant's § 2255 Motion**

**A.     The Change of Plea and Sentencing Hearings**

During the plea proceedings and change of plea hearing, Movant was represented by attorney Mitchell Maher (CR Doc. 75 & 135, Change of Plea Hearing Transcript [Plea Tr.] at 2). Movant under oath told the court he was 47 years of age, was a high school graduate and had one year of college, had no difficulty reading and writing, and had not consumed alcohol or narcotics within the past 24 hours (CR Doc. 135, Plea Tr. at 2-3). Movant acknowledged taking Aciphex, a prescription medication for reflux with no adverse mental side effects, and said no judge had ever determined he was insane or incompetent (*Id.* at 4). When asked by the court if there had been anything in his representation that would suggest Movant's lack of competence, counsel answered "none" (*Id.*). The district court found Movant was competent to proceed with the plea agreement (*Id.* at 5). Movant acknowledged his signature on the plea agreement, stating he had signed with his left hand because he could not write with his right hand after his stroke (*Id.* at 5-6).

The court discussed with Movant the nature of the charges to which he was pleading guilty and the maximum penalties for the crimes including consideration of the advisory Sentencing Guidelines. Movant verbally described the penalty when asked to do so by the court (*Id.* at 6-7, 9-19). Movant acknowledged he had read and understood the plea agreement and discussed it with counsel. The court reviewed the plea agreement's provisions with Movant (*Id.* at 6, 19-33). Movant answered "no" or "no promises" when the court asked if anyone, including the prosecutor or probation officer, had promised him leniency or special treatment, or if his attorney had promised the court would place him on probation, give him a low guideline sentence, or accept the plea agreement (*Id.* at 29-30). Movant answered he understood when the court discussed his rights and the rights he was

1 giving up by pleading guilty, the elements of each charge, the restitution amounts and
2 forfeiture matters, and the factual circumstances of the charges to which he was pleading
3 guilty (*Id.* at 22-26, 30-47). The court accepted Movant's pleas of guilty, finding Movant
4 understood the nature of the charges, that his pleas were freely and voluntarily given without
5 force, threat, coercion or promise, that Movant understood his rights as to each and every
6 charge, and there was a factual basis for Movant's guilty plea to each charge (*Id.* at 47-48).

7 Neither Movant nor his attorneys raised any issue regarding Movant's mental health
8 or alleged lack of competency at the sentencing hearing (CR Doc. 136, Sentencing Transcript
9 ("Sent.Tr."). The district court commented that Movant's situation had been "compounded
10 by the fact that you've had this debilitating stroke, and yet you continue to maintain your
11 business and be generous and give to other people" (CR Doc. 136, Sent. Tr. at 32). The
12 court also commented, "Not only have you had the stroke, but you've also come back and
13 currently have a very legitimate business that employs 250 people" (*Id.*).

14 **B.    Waiver**

15 Movant's written plea agreement included as terms that he waived any right to appeal
16 entry of judgment, imposition of sentence, and "any right to collaterally attack [his]
17 conviction and sentence under" 28 U.S.C. § 2255 or "any other collateral attack" (CR Doc.
18 75 ¶ 9). A defendant may waive the statutory right to challenge his sentence under § 2255.
19 *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1994) (citation omitted). An express
20 waiver of the right to file a § 2255 motion may not preclude a collateral attack "challenging
21 the knowing and voluntary nature of the plea agreement" or an ineffective assistance of
22 counsel claim that implicates the voluntariness of the waiver. *United States v. Jeronimo*, 398
23 F.3d 1149, 1156 n.4 (9th Cir. 2005). *See also*, *Pruitt*, 32 F.3d at 433 (doubting whether "a
24 plea agreement could waive a claim of ineffective assistance of counsel based on counsel's
25 erroneously unprofessional inducement of the defendant to plead guilty or accept a particular
26 plea bargain"). Movant contends he was induced to plead guilty based on erroneous
27 assistance of counsel and that his guilty plea was not knowingly and intelligently made.
28 Movant's claims are cognizable for review.

**C.   Ground One: Ineffective Assistance of Counsel**

   **1.   Legal Standards**

Criminal defendants are entitled to the effective assistance of counsel under the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To establish ineffective assistance of counsel, a convicted defendant must show (1) that counsel's representation fell below an objective standard of reasonableness, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* at 687-88, 694. The two-part *Strickland* test "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). With respect to the first component, it is strongly presumed that counsel's performance fell within the "wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Regarding the second component, a movant must establish prejudice. In the guilty-plea context, the movant "must show that there is a reasonable probability that, but for counsel's errors, [movant] would not have pleaded guilty and would have insisted on going to trial." *Hill*, 474 U.S. at 59. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686. A claim of ineffective assistance of counsel fails if either prong of the analysis is not met and the movant bears the burden of establishing both prongs. *Strickland*, 466 U.S. at 697; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995).

   **2.   Application**

Movant contends defense counsel was ineffective because counsel knew he was mentally and physically disabled due to a stroke, leaving him with paralysis and speech problems as well as mental processing, that required a full-time aide (CV Doc. 1 at 5). However, Movant made no such claim of incompetency during the change of plea and sentencing hearings. Movant acknowledged in the plea agreement he had read each of the provisions of the entire plea agreement with the assistance of counsel and understood its provisions. He further acknowledged he had discussed his constitutional rights, the nature

- 5 -

1 of the charges and the nature and range of possible sentences with counsel (CR Doc. 75 at
2 25-26).  Movant also acknowledged he was "extremely" satisfied with defense counsel's
3 representation, that he was fully capable of understanding the terms and conditions of the
4 plea agreement, and he was not under the influence of any drug, medication, intoxicant or
5 depressant (*Id.* at 27).  Movant signed the plea agreement on June 16, 2009 (*Id.*).

6 The charges against Movant stemmed in part from his development of various entities
7 through which he sold a product marketed as an all natural sexual enhancement supplement
8 during the charged time periods, including participating in a conspiracy between in or about
9 November 2001 and July 2003 (CR Doc. 75 at 17; CR Doc. 135, Plea Tr. at 38-42). Movant
10 admitted at the June 2009 change-of-plea hearing he illegally imported from China sildenafil
11 citrate, an ingredient in Viagra, using it to manufacture Vinarol, an alleged dietary
12 supplement he falsely represented was made from 100 percent natural herbal formula.
13 Petitioner sold the product without prescription resulting in sales revenue (CR Doc. 135, Plea
14 Tr. at 38-42).

15 Movant admitted incorporating and serving as president of Ultra Health Products,
16 Bionate International, Inc., and Johnston-Keay Laboratories in order to  manufacture,
17 package, market and sell Vinarol (*Id.* at  41-42). These companies were dissolved in 2004
18 and 2005 (*Id.* at 42). Movant acknowledged starting, owning and managing Pharmazone
19 Laboratories from its inception in September 2004, although his father was named corporate
20 officer, and that on or about May 3, 2006, he was named president, secretary, treasurer and
21 director of Pharmazone (*Id.* at 42-43). Movant admitted that Pharmazone Laboratories was
22 started to market a sexual enhancement product called Viapren (*Id.* at 42).

23 Movant further admitted that in or about February 2006, he applied for and was
24 granted Social Security disability benefits, retroactive to February 2005, and received in
25 excess of $35,000 in benefits, constituting theft of government funds (CR Doc. 75 at 22; CR
26 Doc. 135, Plea Tr. at 43-44, 46). For each of calendar years 2005, 2006 and 2007, Movant
27 filed false tax returns in which he reported zero taxable income and zero tax liability  (CR
28 Doc. 75 at 22-23; CR Doc. 135, Plea Tr. at 44-45). In or about December 2004, Movant filed

1  a voluntary petition for bankruptcy under Chapter 11 in the United States Bankruptcy Court
2  for the District of Arizona (CR Doc. 135, Plea Tr. at 43, 45-46). Movant under oath filed
3  bankruptcy schedules fraudulently omitting or misstating material information regarding his
4  interest in Pharmazone and other businesses and reported he had no monthly income (*Id.*).
5  Movant acknowledged in the plea agreement and at the change of plea hearing that the total
6  loss regarding the unpaid taxes was $202,910, plus accruing penalties and interest; the
7  amount owed as a result of the bankruptcy charges was approximately $1,438,119.54; and
8  regarding the theft of government funds he owed the Social Security Administration
9  approximately $40,000 (CR Doc. 75 at 8-9; CR Doc. 135, Plea Tr. at 24-26).

10 　　　　　In his Sentencing Memorandum filed on April 22, 2010, Movant mentioned that he
11 suffered a severe stroke in May 2003 and was paralyzed on his right side (CR Doc. 117 at
12 2). Movant argued that, "In spite of that debilitating condition, he has built a legitimate
13 calling business which employs over 250 individuals. Incarceration of Mr. Isaac will no
14 doubt shut down his business and will leave his employees without a job and without an
15 income" (*Id.*; see also Doc. 114, Movant's Sentencing Memorandum filed on April 20, 2010
16 at 6).

17 　　　　　During the sentencing hearing, Movant's employee at a nationwide call center told
18 the court that "over the past five years" she had "learned a great deal about business" by
19 working with Movant and had seen his company grow from two employees to nearly 250
20 employees across the United States (CR Doc. 136, Sent. Tr. at 12). She stated that "all of us
21 would be affected by the loss of [Movant] being able to be at the helm of this company" (*Id.*
22 at 16). Another individual told the court she had "worked for every company [Movant] ever
23 had in the past 20 years,"that Movant had a stroke that left him with disabilities but Movant
24 "still tries to work 12 to 14 hours every day" (*Id.* at 23-26).

25 　　　　　The record of Movant's change of plea and sentencing shows that Movant was
26 responsive to the court's questions and understood the proceedings. The record does not
27 support Movant's contention he was unable to meaningfully participate in his own defense
28 so as to render counsel ineffective.

Movant's assertion that counsel coerced him to plead guilty by repeatedly representing he would not receive prison time, only a term of probation, is not supported by the record. As previously discussed, the district court at the change of plea hearing specifically asked, "Has your attorney promised you that the Court would place you on probation, for example?" (CR Doc. 135, Plea Tr. at 29). Movant answered, "No, there's no promises" (*Id.*).

Movant contends counsel had no criminal experience to represent him, forcing the withdrawal of criminal counsel who was advising to go to trial (CV Doc. 1 at 5). On January 29, 2008, attorneys Mitchell J. Maher and Michael H. Artan were admitted pro hac vice as retained counsel for Movant (CR Doc. 24, 26-28, 30). Attorney Maher appeared with Movant at the change of plea hearing on June 23, 2009 (CR Doc. 135). In the plea agreement Movant signed on June 16, 2009, Movant acknowledged he was "extremely satisfied that my defense attorney has represented me in a very competent manner" (CR Doc 75 at 27). On November 6, 2009, attorney Artan was allowed to withdraw and Maher remained as Movant's counsel (CR Doc. 84, 87). On November 5, 2009, Movant joined in a motion to associate Joseph Chornenky as defense counsel which was granted on November 6, 2009 (CR Doc. 86, 88). Movant was represented by attorneys Maher and Chornenky during sentencing (CR Doc. 136). After the April 26, 2010 sentencing hearing and entry of the Judgment (CR Doc. 119), attorney Jess A. Lorona filed a notice of appearance on Movant's behalf (CR Doc. 125). Movant has not shown that at any time during the criminal proceedings he expressed concern that retained counsel lacked the experience to represent him.

Movant contends counsel knew a conflict of interest existed because counsel fought to have counsel's brother, a shareholder, dropped from the investigation while representing Movant and insisting he plead guilty (CV Doc. 1 at 5). The Sixth Amendment "guarantees each criminal defendant the right to assistance of counsel 'unhindered by a conflict of interests.'" *United States v. Elliot*, 463 F.3d 858, 865 (9th Cir. 2006) (citation omitted). A conflict of interest can arise in cases of simultaneous representation. *Id.* Movant has not identified which defense counsel allegedly had a conflict of interest. Neither Movant nor the prosecutor expressed concern to the district court about an alleged conflict of interest.

Respondent represents in the Response that "Mr. Maher's brother was never the focus of any of the allegations in this case" (CV Doc. 5 at 13).

Movant's grounds in support of his claim of ineffective assistance of counsel are essentially conclusory statements or statements that are insufficient to require a hearing. *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) (conclusory statements in a § 2255 motion are not enough to require a hearing); *United States v. Schaflander*, 743 F.2d 714, 721 (9th Cir. 1984) (petitioner must make sufficient factual showing to substantiate ineffective assistance of counsel claim). Movant has not asserted that but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on proceeding to trial. The files and record of the case conclusively show Movant is not entitled to relief based on his claim in Ground One.

### D.     Ground Two: Voluntariness of Guilty Plea

In Ground Two, Movant contends his guilty plea was not knowingly and willingly made due to his mental and physical disability (CV Doc. 1 at 6). A guilty plea must be both "intelligent and voluntary" to satisfy due process. *United States v. Diaz-Ramirez*, 646 F.3d 653, 656-57 (9th Cir. 2011) (quoting *Brady v. United States*, 397 U.S. 742, 747 n.4 (1970)). *See United States v. Escamilla-Rojas*, 640 F.3d 1055, 1062 (9th Cir. 2011)("[d]ue process requires a defendant's guilty plea to be 'equally voluntary and knowing'").

The record shows that the court ascertained that Movant understood the plea proceedings, was not under the influence of drugs or alcohol, and, importantly, was competent to proceed with the change of plea hearing. The court determined Movant understood the nature of the charges, their elements, the applicable sentencing provisions, and the role of the Sentencing Guidelines. The court further ascertained that Movant understood the constitutional rights he was waiving by pleading guilty and that no promises had occurred to induce him to plea guilty. Movant responded to the court in a coherent manner. *See United States v. Ross*, 511 F.3d 1233, 1236 (9th Cir. 2008) ("Statements made by a defendant during a guilty plea hearing carry a strong presumption of veracity in subsequent proceedings attacking the plea"). The discussions between the court, defense

1 counsel and Movant at the change of plea hearing show that Movant did not demonstrate a physical or mental disability so as to render his guilty plea not voluntarily or knowingly made. Movant is not entitled to relief based on his claim in Ground Two.

**II.    Conclusion**

Movant's claims of ineffective assistance of counsel in Ground One and involuntariness of his guilty plea in Ground Two asserted in his § 2255 Motion should be denied and dismissed based on the files and record in this case.

**IT IS THEREFORE RECOMMENDED:**

That Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255 (CV Doc. 1) be **DENIED AND DISMISSED.**

**IT IS FURTHER RECOMMENDED**:

That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Movant has not made a substantial showing of the denial of a constitutional right.

This report and recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have 14 days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. *See*, 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(b) and 72. Thereafter, the parties have 14 days within which to file a response to the objections. Failure to timely file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order of judgement entered pursuant to the Magistrate Judge's recommendation. *See* Fed. R. Civ. P. 72.

DATED this 7th day of August, 2012.

1
2
3
4   _____
    Edward C. Voss
    United States Magistrate Judge
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- 11 -